BURK VS. WINTERS, Assignee, etc.

ASSIGNEE IN BANKRUPTCY: *In suits by, how assignment proven, etc.*

To entitle an assignee in bankruptcy to recover in a suit by him as such assignee, he must prove the fact of the assignment, and the character in which he sues, by the instrument of assignment made by the judge of the court in which the proceedings were pending, or the register in bankruptcy, or a duly certified copy thereof, unless the nonproduction of such instrument or copy thereof be satisfactorily accounted for.

APPEAL from *Craighead* Circuit Court.

Hon. WM. STORY, Circuit Judge.

*U. M. Rose*, for appellant.

*Montgomery & Warwick*, for appellee.

SEARLE, J. The appellee, as assignee in bankruptcy of the estate of James N. Burk, sued the appellant in the Craighead

circuit court, for the use and occupation of a certain farm, for the year 1868, situated in said county.

The appellant answered: 1st. That he was not indebted as in the complaint alleged. 2d. That he did not use and occupy any land in which the plaintiff had any right as assignee, etc.

Trial by jury; finding and judgment for appellee; and the appellant having properly saved his exceptions as to the rulings of the court in relation to the evidence and instructions to the jury, appealed to this court.

The answer, though ambiguous, seems to deny that the appellee, as assignee, etc., had such a right to or interest in the farm in question, as to entitle him to recover for use and occupation thereof. It is a well settled rule that, where there is an express contract of tenancy between the landlord and tenant, no proof of title will be requisite on the part of the landlord suing for use and occupation, and this is upon the principle that the tenant cannot dispute his landlord's title. But this is not the case here. If the appellee is entitled to the rents and profits of the farm in question, it is in the character of assignee, and he must prove that an assignment was made of the farm to him, and that, by virtue of the assignment, he is entitled to the rents and profits thereof for the year 1868. In order to prove this, appellee orally testified that he was assignee in bankruptcy of appellant Burk; that the store of Burk was assigned to him as such assignee, and that the farm was a part of the estate so assigned. This was the only evidence of the character in which the appellee sued, and of the assignment of the farm to him. To the introduction of this testimony the appellant excepted. We think the exception was well taken. The instrument made by the judge of the court, in which the proceedings of bankruptcy were pending, or by the register in bankruptcy, is the highest and best evidence of such fact. An authenticated copy of the assignment,

when recorded, may be read. Bankrupt Act, sec. 14. Such instrument of assignment, or copy thereof, is conclusive evidence of the assignee's right to sue for any debt, etc., belonging to the bankrupt. *Partridge v. Hannam*, 2 Met., 569 ; *Doane v. Russell*, 3 Gray, 382. The inability to produce such instrument, or a copy thereof, not having been shown, the oral testimony was inadmissible. 1 Greenl. on Ev., secs. 84 and 519 ; *Taylor v. Auditor*, 4 Ark., 574; *McNeill v. Arnold*, 17 id., 155. As relating to the above testimony, the appellee asked, substantially, the following instruction : " Before the jury can find for the plaintiff, they must find from the evidence that the estate of Burk, including the farm in question, was assigned to the plaintiff as assignee, etc., and this must be proved by the instrument of assignment made by the judge of the court in which the proceedings were pending, or the register in bankruptcy, or a duly certified copy thereof, unless the nonproduction of such instrument, or copy thereof, be satisfactorily accounted for." This the court refused to give. The above remarks in relation to the oral testimony of the assignment, are equally applicable to this instruction, and show that the court erred in refusing to give it.

For these errors, the judgment is reversed, and the cause remanded to the court below, to be proceeded in according to law, and not inconsistent with this opinion.